Neel, J.
Plaintiff Debra Eisan seeks to enjoin the Commonwealth defendants from analyzing or otherwise using, under the Commonwealth’s DNA database act, a sample of her blood collected while she was incarcerated. She argues that the Commonwealth took the sample in violation of G.L.c. 22E, §3, and St. 1997, c. 106, §8, requiring certain persons incarcerated on the effective date of the act to submit a DNA sample “within 90 days of the effective date of this act or prior to release from custody, whichever first occurs.” For the reasons set forth below, the application for injunctive relief is denied.
Plaintiff was incarcerated in 1994 following conviction of an offense listed in G.L.c. 22E, §3. She remained incarcerated on December 29, 1997, the effective date of St. 1997, c. 106 (“An Act Relative to the Enhancement of Forensic Technology”) (“the Act”), which inserted G.L.c. 22E (entitled “State DNA Database"), §§1-15. Section 8 of the Act, which was not codified with c. 22E, provides that plaintiff was required to “submit a DNA sample to the department [of state police] within ninety days following the effective date of this act [December 29, 1997] or prior to release from custody, whichever first occurs.”
For portions of the approximately eighteen months following the effective date of the Act, the Commonwealth was enjoined from collecting samples pursuant to the Act. On April 13, 1999, in Landry v. Attorney General, 429 Mass. 336 (1999), the Supreme Judicial Court vacated the outstanding injunction. Accordingly, by any calculation of the 90-day period of uncodified §8, that period had long since expired by June 28, 2000, the date upon which a nurse at MCI-Framingham took a sample of plaintiffs blood, apparently in anticipation of her possible imminent release. There is no evidence that at any time prior to that date, whether within or beyond the 90-day requirement of uncodified §8, plaintiff submitted a sample, nor is there any evidence that the department or any other agent of the Commonwealth either requested that she *16 do so or otherwise notified her of her obligation. Although the plaintiffs affidavit does not specifically address the issue whether she consented to the taking of the sample on June 28, 2000, the Court infers from her statements that plaintiff at least did not refuse collection of the sample, and was not subjected to forcible collection.[2]
The first question presented by the instant case — in which, as noted, the applicable 90-day period had by any reckoning elapsed by the date upon which plaintiffs sample was taken — is whether uncodified §8 places the burden on the plaintiff or on the Commonwealth to act affirmatively within the applicable 90-day period to initiate the submission of a sample. If the burden is on the Commonwealth, the plaintiff has a much stronger argument that the Commonwealth lacked statutory authority to take a sample after that period had expired.
The language of uncodified §8 favors the Commonwealth’s position that that section places the initial burden on the plaintiff to act. It states: “Any person convicted of any [listed] offense . . . shall submit a DNA sample to the department within 90 days . . .” (emphasis added). Section 8 does not state that “the department shall collect” the sample, or even that the person “shall submit to the collection” of a sample, although undoubtedly the legislature contemplated that the department would be the collection agent. (Compare G.L.c. 22E, §3: “[a]ny person who is convicted of [a listed] offense . . . shall submit a DNA sample which shall be collected by a person authorized pursuant to section 4, to the department within 90 days of such conviction . . .”)
The Supreme Judicial Court’s decision in Murphy v. Department of Correction, 429 Mass. 736 (1999), lends support to the Commonwealth’s argument. In Murphy the court considered the applicability of uncodified §8 to an inmate previously convicted of an offense listed in §3, but currently incarcerated on an offense not listed. After deciding that the statute does not irrationally require submission of a sample by “an individual who had been previously convicted of a listed offense, and subsequently imprisoned for a less serious offense on the effective date,” id. at 738, the court concludes that “it would be burdensome for persons not presently under the State’s supervision to be required to take the affirmative step of presenting themselves to State authorities for the collection of a sample.” Id. at 739. The converse of the court’s conclusion is that it is not burdensome for persons such as plaintiff, who are under state supervision, “to be required to take the affirmative step of presenting themselves to State authorities for the collection of a sample,” and that the statute places the requirement of taking that initial, “affirmative step” on the plaintiff rather than on the Commonwealth.
Where the statute upon which plaintiff bases her claim speaks not to the Commonwealth defendants’ burden during the 90-day period, but to hers, and where the statute is a regulatory rather than a criminal statute, Murphy, supra at 743, the Court concludes that the Commonwealth is not to be precluded from taking a sample under uncodified §8 beyond the expiration of the relevant 90-day period provided therein. While uncodified §8 does not. by its terms, authorize the Commonwealth to collect a sample from a person required to “submit” one, the Court is persuaded, based upon the Landry[3] and Murphy decisions, that the Supreme Judicial Court would read uncodified §8 as part and parcel of codified c. 22E, and would hold that the Act authorizes the Commonwealth to request and take a sample from a willing inmate after the 90-day period of uncodified §8 had expired.
Because the plaintiff has not demonstrated a sufficient likelihood of success on the merits of her claims, her application for injunctive relief will be denied.
ORDER
For the reasons stated above, plaintiff s application for a preliminary injunction is DENIED. It is further ORDERED that the foregoing order is STAYED for a period of two weeks after the date hereof, and that the Court’s temporary injunction of June 29, 2000 shall remain in effect for that period, so that plaintiff may if she wishes seek appellate relief.

Read literally, the Act provides no authority for the use of force in the taking of samples pursuant to uncodified §8. That is because the provision authorizing reasonable force appears in §7 of the Act, which adds c. 22E to the General Laws. Chapter 22E, §4(a), provides that “[djuly authorized law enforcement and correction personnel may employ reasonable force to assist in collecting DNA samples in cases where an individual refuses to submit to such collection as required under this chapter . . .” (emphasis supplied). In context, “this chapter" can refer only to codified chapter 22E, of which §4(a) is a part (and of which uncodified §8 is not). The only requirement of submission of samples in chapter 22E appears in §3 thereof, requiring submission of a DNA sample “within 90 days of such conviction." There is no parallel authorization of force, in uncodified §8 or elsewhere, for cases where an individual refuses to submit to collection within 90 days of the effective date of the Act as required by that §8. The omission most likely resulted from a drafting oversight, because there is no apparent reason why the legislature would have purposely excluded uncodified §8 from the “reasonable force” remedy provided by G.L.c. 22E, §4(a).
The Supreme Judicial Court may well have resolved the issue, although without discussion, in Landry v. Attorney General, supra at 339, where it describes the “reasonable force” provision of c. 22E, §4(a) as “assist!ing] in collecting the DNA samples ‘in cases where an individual refuses to submit to such collection as required under [the Act].' ” (Bracketed language appears in opinion, in place of “this chapter,” the words appearing in §4(a); emphasis supplied.) By reading the word “chapter,” which literally applies only to chapter 22E, to mean “the Act” (defined inLandry as “St. 1997c. 106, codified for the most part at G.L.c. 22E, §§1-15 (Act)," id. at 337), the court has arguably expanded c. 22E §4(a) to encompass refusals to submit to collection as required in uncodified §8. In the present case, as noted, the record indicates that *17 plaintiff did not refuse collection of the sample, and that force was not used. Accordingly, the question of unauthorized use of force is not presented.

See Landry, supra, 429 Mass, at 350-51 (discussing use of reasonable force to assist collection in case brought by, inter alia, a parolee and two probationers who apparently fell within the ambit of uncodified §8); see also n.2, supra.